IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BOKF, N.A., AS SUCCESSOR BY )
MERGER TO SOUTHWEST TRUST )
COMPANY, N.A., AS TRUSTEE FOR )
THE BRANSON COMMERCE PARK )
COMMUNITY IMPROVEMENT )
DISTRICT SPECIAL ASSESSMENT )
REVENUE BONDS SERIES 2007A AND )
BRANSON COMMERCE PARK )          Case No.
COMMUNITY IMPROVEMENT )
DISTRICT SUBORDINATE SPECIAL )
ASSESSMENT REVENUE BONDS )
SERIES 2007B ISSUED PURSUANT TO )
THAT CERTAIN TRUST INDENTURE )
DATED AS OF JULY 1, AMONG )
BRANSON COMMERCE PARK )
COMMUNITY IMPROVEMENT )
DISTRICT AND SOUTHWEST TRUST )
COMPANY, N.A., )
 )
        Plaintiff, )
 )
     v. )
 )
BCP LAND COMPANY, LLC, )
GRACE PROPERTIES BRANSON, LLC, )
SJ LEGACY, LLC, PARKWAY )
ENTERPRISES, LLC, )
JH BRANSON, LLC, and )
JACK REDWINE, )
 )
        Defendants. )

## COMPLAINT

COMES NOW Plaintiff and, for its Complaint against Defendants BCP Land Company,

LLC, Grace Properties Branson, LLC, SJ Legacy, LLC, Parkway Enterprises, LLC, JH Branson,

LLC, and Jack Redwine, hereby states and alleges as follows:

WA 4521049.7

## PARTIES, JURISDICTION & VENUE

1. Plaintiff BOKF, N.A., as successor by merger to Southwest Trust Company, N.A., as Trustee for the Branson Commerce Park Community Improvement District Special Assessment Revenue Bonds Series 2007A and Branson Commerce Park Community Improvement District Subordinate Special Assessment Revenue Bonds Series 2007B issued pursuant to that certain Trust Indenture dated as of July 1, among Branson Commerce Park Community Improvement District and Southwest Trust Company, N.A. (the "Trustee") is a national banking association duly organized and existing and authorized to accept and execute trusts under the laws of the United States, and it maintains its main corporate trust office in Tulsa, Oklahoma.

2. Defendant BCP Land Company, LLC ("BCP Land" or "Developer") is a limited liability company organized and existing under the laws of the State of Missouri with its principal place of business in Missouri or Kansas, and may be served through its registered agent Seigfreid Bingham, P.C., 911 Main, Suite 2800, Kansas City, Missouri 64105.

3. The three members of BCP Land are Jack Redwine, Philip Lopez, and Timothy Jury. Each member is an individual who is, and was at all relevant times, domiciled in and a resident of Kansas: Mr. Redwine's primary residence is in Prairie Village, Kansas; Mr. Lopez's primary residence is in Overland Park, Kansas; and, Mr. Jury's primary residence is in Lake Quivira, Kansas.

4. Defendant Grace Properties Branson, LLC, is a limited liability company organized and existing under the laws of the State of Kansas with its principal place of business in Kansas, and may be served through its registered agent John W. Gilliford Jr., 3400 College Boulevard, Suite 140, Leawood, Kansas 66211.

2

WA 4521049.7

5.　　The sole member of Grace Properties Branson, LLC, is Jack Kynion, an individual who is, and was at all relevant times, domiciled in Kansas with his primary residence in Olathe, Kansas.

6.　　Defendant SJ Legacy, LLC, is a limited liability company organized and existing under the laws of the State of Kansas with its principal place of business in Kansas, and may be served at its registered office located at 9200 Indian Creek Parkway, Suite 195, Overland Park, Kansas 66210.

7.　　The two members of SJ Legacy, LLC, are Jack Kynion and Sherry Pluff. Each member is an individual who is, and was at all relevant times, domiciled in and a resident of Kansas: Mr. Kynion's primary residence is in Olathe, Kansas and Ms. Pluff's primary residence is in Shawnee Mission, Kansas.

8.　　Defendant Parkway Enterprises, LLC, is a limited liability company organized and existing under the laws of the State of Kansas with its principal place of business in Kansas, and may be served at its registered office located at 9200 Indian Creek Parkway, Suite 195, Overland Park, Kansas 66210.

9.　　The sole member of Parkway Enterprises, LLC, is Jack Kynion (a.k.a. Jack Kynion II), an individual who is, and was at all relevant times, domiciled in Kansas with his primary residence in Olathe, Kansas.

10.　　Defendant JH Branson, LLC, is a limited liability company organized and existing under the laws of the State of Kansas with its principal place of business in Kansas, and may be served at its registered office located at 9200 Indian Creek Parkway, Suite 195, Overland Park, Kansas 66210.

WA 4521049.7

11.     Upon information and belief, the sole member of JH Branson, LLC, is Jack Kynion (a.k.a. Jack Kynion II), an individual who is, and was at all relevant times, domiciled in Kansas with his primary residence in Olathe, Kansas.

12.     Defendants Grace Properties Branson, LLC, SJ Legacy, LLC, Parkway Enterprises, LLC, and JH Branson, LLC are referred to herein, collectively, as the Buyers.

13.     Defendant Jack Redwine is an individual who is, and was at all relevant times, domiciled in Kansas with his primary residence located at 5504 W 82nd Place, Prairie Village, Kansas.

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship between Plaintiff and each of the Defendants and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

15.     This Court has personal jurisdiction over all Defendants.  BCP Land is a Missouri limited liability company; the causes of action in this lawsuit arise from Buyers transacting business in Missouri, entering into contracts within Missouri, and owning real property in Missouri; and, causes of action in this lawsuit arise from Defendant Jack Redwine transacting business in Missouri and entering into contracts within Missouri.

16.     Venue is proper in the Southern Division of this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Taney County and a substantial part of property that is the subject of the action is situated in Taney County.

**THE TRUST INDENTURE**

17.     Trustee is the trustee of a Trust Indenture made and entered into on or about July 1, 2007, with the Branson Commerce Park Community Improvement District (the "District").

WA 4521049.7

18.     A true and accurate copy of the Trust Indenture is attached hereto as Exhibit 1.

19.     The District, a political subdivision of the State of Missouri within the City of Branson, Missouri, was created on or about September 11, 2006, by Ordinance No. 2006-125 enacted by the City of Branson, Missouri, pursuant to the Missouri Community Improvement District Act, sections 67.1401 to 67.1571 of the Revised Statutes of Missouri.

20.     The District is comprised of approximately 345 acres of land in Branson, Missouri.  At the time the District was created, all of the property in the District was owned by Branson Commerce Park, LLC, which intended to develop the property for commercial and residential purpose (the "Special Assessment Property").

21.     Section 101 of the Trust Indenture defines "Developer" to mean "Branson Commerce Park, L.L.C. and affiliates and successors thereof."

22.     To finance the development of the Special Assessment Property, on or about June 27, 2007, the District authorized issuance of $13,590,000 Branson Commerce Park Community Improvement District Special Assessment Bonds, Series 2007A, and $3,150,000 Branson Commerce Park Community Improvement District Subordinate Special Assessment Revenue Bonds, Series 2007B (collectively, the "Bonds").

23.     The terms of the Bonds and the District's obligations to the bondholders are set forth in the Trust Indenture.  In general, the District pays interest and principal due under the Bonds to the bondholders by imposing special assessments against the owners of the Special Assessment Property.

**Development Period Reserve Fund Securing Defaulted Special Assessments on Property Owned By the Developer**

24.     Under Section 401(a) of the Trust Indenture, a Development Period Reserve Fund (the "DPRF") was created and established with Trustee.

25. As required by Section 401(c) of the Trust Indenture, Branson Commerce Park, LLC funded the DPRF by depositing with Trustee the amount of $1,424,768.75.

26. Section 406(a) of the Trust Indenture provides: "Amounts in the . . . [DPRF] can only be used by the Trustee to pay Special Assessments on Developer's Owned Special Assessment Property to the extent such Special Assessments are not paid when due."

27. Under the other provisions of Section 406, Trustee would use the monies in the DPRF to pay any defaulted special assessments on Special Assessment Property owned by the Developer ("Developer Owned Special Assessment Property") to the County Collector. The County Collector would then pay those monies into a separate fund to pay the interest and principal to the bondholders.

28. In connection with the issuance of the Bonds under the Trust Indenture, the District entered into a Covenant to Replenish Development Period Reserve Fund and Guaranty Thereof, dated July 12, 2007, with Branson Commerce Park, LLC, and the original members of Branson Commerce Park, LLC (the "Replenishment Covenant"). The Replenishment Covenant requires Branson Commerce Park, LLC to replenish the DPRF at any time that Trustee withdraws funds from the DPRF to pay the Collector for unpaid special assessments on Developer Owned Special Assessment Property. The individual parties to the Replenishment Covenant agreed therein to guaranty Branson Commerce Park, LLC's, replenishment obligations (the "Replenishment Guaranty").

29. A true and accurate copy of the Replenishment Covenant is attached hereto as Exhibit 2.

30. Section 406(c) of the Trust Indenture provides:

The amount on deposit in the Development Period Reserve Fund will be reduced on and after June 2 of each year if and to the extent that (a) the Developer

provides the Trustee with documents evidencing that the Developer has transferred a portion of the Developer Owned Special Assessment Property to third parties not controlling, controlled by or under common control with the Developer, and (b) the District gives the Trustee written notice that all Special Assessments, penalties and/or interest on said parcel, if any, currently due and payable on such property have been paid through the date of the proposed reduction. Upon satisfaction of such requirements, the Trustee shall release to the Developer a pro-rata amount of the Development Period Reserve Fund. That amount shall be determined by dividing the square footage of the Developer Owned Special Assessment Property transferred by the Developer by the aggregate square footage of Developer Owned Special Assessment Property immediately prior to such transfer and multiplying the resulting ratio by the amount then on deposit in the Development Period Reserve Fund.

31.    Section 406(e) of the Trust Indenture provides:

All amounts remaining in the Development Period Reserve Fund will be released to the Developer on the date the Developer and the District have given the Trustee written notice that (i) the Developer has sold the last parcel of Developer Owned Special Assessment Property, and (ii) all Special Assessments, penalties and/or interest on all Developer Owned Special Assessment Property currently due and payable have been paid.

**Debt Service Reserve Fund Securing Defaulted Special Assessments on Property Owned by Parties Other than the Developer**

32.    Under Section 401(a) of the Trust Indenture, a Debt Service Reserve Fund was created and established with Trustee.

33.    As required by Section 401(b)(2) of the Trust Indenture, the Trustee deposited $1,319,665.55 from the proceeds of the Series 2007A Bonds in the Series 2007A Account of the Debt Service Reserve Fund and deposited $315,000 from the proceeds of the Series 2007B Bonds in the Series 2007B Account of the Debt Service Reserve Fund.

34.    As required by Section 401(c) of the Trust Indenture, Branson Commerce Park, LLC, deposited $39,334.45 in the Series 2007A Account of the Debt Service Reserve Fund.

35.    Under Section 405 of the Trust Indenture, Trustee was obligated to withdraw from the Debt Service Reserve Fund to pay principal and interest on the Bonds if payments

7

WA 4521049.7

received from special assessments were insufficient to cover the principal and interest owed to the bondholders.

36. Under Section 402(a) of the Trust Indenture, if the Debt Service Reserve Fund was used to fund principal and interest payments to bondholders, the Debt Service Reserve Fund was to be replenished to certain levels ($1,359,000.00 for the Series 2007A Account and $315,000.00 for the Series 2007B Account) through another fund that held payments of special assessments.

## PURCHASE OF DISTRICT PROPERTY BY BCP LAND

37. In May 2009, Branson Commerce Park, LLC, sold all of its right, title and interest in the Developer Owned Special Assessment Property to BCP Land.

38. On May 28, 2009, Branson Commerce Park, LLC, notified Trustee that (1) Branson Commerce Park, LLC, had assigned to Mr. Redwine all of its right, title and interest with respect to the DPRF, including the right to receive all distributions of the proceeds from the DPRF under Section 406 of the Trust Indenture and (2) Branson Commerce Park, LLC, had sold the Developer Owned Special Assessment Property to BCP Land and all currently due and owing special assessments had been paid in full.

39. On July 7, 2009, Mr. Redwine's counsel demanded that Trustee terminate the DPRF and release the funds in the DPRF to Mr. Redwine.

40. On August 21, 2009, Trustee rejected Mr. Redwine's demand to release the funds in the DPRF.

## PRIOR LITIGATION

41. After Trustee refused to terminate the DPRF and release the DPRF funds to Mr. Redwine, Mr. Redwine filed a lawsuit against Trustee in the Western District of Missouri with case number 4:10-cv-00407-SWH (the "First Lawsuit").

WA 4521049.7

42.    The central issue of the First Lawsuit was whether BCP Land was a "successor" to Branson Commerce Park, LLC.

43.    In the First Lawsuit, Mr. Redwine claimed that all conditions for releasing the DPRF had been satisfied: (1) Branson Commerce Park, LLC, transferred all Developer Owned Special Assessment Property to BCP Land, which Mr. Redwine alleged is a third party "not controlling, controlled by or under common control with the Developer [Branson Commerce Park, LLC]" and (2) all special assessments due and payable at the time of sale had been paid.

44.    On September 30, 2011, the Western District of Missouri granted summary judgment in favor of Trustee and against Mr. Redwine and held that Mr. Redwine was not entitled to receive the money remaining in the DPRF.

45.    The Court's granting of summary judgment was a final judgment on the merits.

46.    The Western District of Missouri held that BCP Land was a successor to Branson Commerce Park, LLC, and BCP Land became the new "Developer" subject to the Trust Indenture because it performed all of the functions of the original developer; as such, the conditions for releasing the DPRF had not been satisfied.   This holding was necessary in disposing of the First Lawsuit.

47.    The Court offered the below explanation:

Reading the Trust Indenture as a whole, it is clear that the DPRF was set up to protect the District in case the Developer failed to make the required special assessment payments on the property. . . . If this Court were to adopt Redwine's interpretation of the meaning of the Trust Indenture, the protection afforded the District by Section 406 of the Trust Indenture would be illusory. Under Redwine's interpretation, the developer could simply sell all of the property to a new company and, as long as the special assessments were current at the time of this sale, claim any funds remaining in the DPRF. At this point the DPRF would be at an end along with the requirement for the developer and the guarantors to replenish the DPRF.

48.    Mr. Redwine did not appeal the Court's holding in the First Lawsuit.

WA 4521049.7

49.     Buyers and Developer were not parties to the First Lawsuit, but their interests were adequately represented by Mr. Redwine in that action because he had the same interests as the Buyers and Developer have in this lawsuit.

## SALES OF DISTRICT PROPERTY BY BCP LAND IN 2012

50.     In 2012, BCP Land sold certain parcels of the Developer Owned Special Assessment Property.

51.     BCP Land posted those parcels for sealed bid auctions conducted by Schrader Real Estate and Auction Co., Inc.  The bidding on those auctions closed on June 28, 2012.

### Sales to Grace Properties Branson, LLC

52.     Pursuant to a Purchase Agreement between Grace Properties Branson, LLC, and BCP Land, dated August 8, 2012 (collectively "Lots 9C-12C Purchase Agreements"), BCP Land agreed to sell Lots 9C-12C of the Developer Owned Special Assessment Property to Grace Properties Branson, LLC, for a total purchase price of $2,200.00.

53.     True and accurate copies of each of the Lots 9C-12C Purchase Agreements, containing the signature of Jack Kynion on behalf of Grace Properties Branson, LLC, are attached hereto as Exhibits 3-6 and incorporated by this reference.

54.     Prior to a June 28, 2012, auction scheduled with Schrader Real Estate and Auction Co., Inc., Schrader Real Estate and Auction Co., Inc. advertised that the list price for Lots 9C-12C totaled $3,420,000.00.

55.     In the Lots 9C-12C Purchase Agreements, Grace Properties Branson, LLC, agreed to assume and pay all real estate taxes for Lots 9C-12C for calendar year 2012, pro rata, and all subsequent years and to assume and pay all assessments due and payable for the properties sold in calendar year 2012 and all subsequent years.

WA 4521049.7

56. The Lots 9C-12C Purchase Agreements define "assessments" payable by Grace Properties Branson, LLC, to include the special assessments described below:

**(A) ALL OF THE AUCTION TRACTS EXCEPT AUCTION TRACT 95 ARE PART OF A COMMUNITY IMPROVEMENT DISTRICT KNOWN AS THE BRANSON COMMERCE PARK COMMUNITY IMPROVEMENT DISTRICT (THE "DISTRICT") FORMED BY THE CITY OF BRANSON PURSUANT TO MISSOURI LAW TO FUND CERTAIN IMPROVEMENTS AND SERVICES ON THE PROPERTY WITHIN THE BOUNDARIES OF THE DISTRICT.**

**(B) AS PART OF ITS OBLIGATION TO PAY THE ORIGINAL BONDS ISSUED IN CONNECTION WITH THE BRANSON COMMERCE PARK PROJECT, THE DISTRICT, BY AND THROUGH ITS BOARD OF DIRECTORS, IS OBLIGATED TO LEVY ANNUAL SPECIAL ASSESSMENTS AGAINST THE PROPERTIES WITHIN THE BOUNDARIES OF THE DISTRICT IN AMOUNTS SUFFICIENT TO GENERATE ANNUAL REVENUE REQUIREMENTS THROUGH 2027.**

**(C) FOR EACH RESPECTIVE AUCTION TRACT (EXCEPT AUCTION TRACT 95), THE ANNUAL AMOUNT DUE FROM THE SPECIAL ASSESSMENTS MOST RECENTLY LEVIED IS SHOWN IN THE AUCTION TRACT INFORMATION TABLES INCLUDED IN THE AUCTION EXHIBIT BINDER AS AUCTION EXHIBIT B, UNDER THE COLUMN LABELED "ANNUAL ASSESSMENTS".**

57. Pursuant to a Purchase Agreement between Grace Properties Branson, LLC, and BCP Land, dated December 18, 2012 ("Lot 40MF Purchase Agreement"), BCP Land agreed to sell Lot 40MF of the Developer Owned Special Assessment Property to Grace Properties Branson, LLC, for a total purchase price of $1,100.00.

58. A true and accurate copy of the Lot 40MF Purchase Agreement, containing the signature of Jack Kynion on behalf of Grace Properties Branson, LLC, is attached hereto as Exhibit 7 and incorporated by this reference.

59. Prior to a June 28, 2012, auction scheduled with Schrader Real Estate and Auction Co., Inc., Schrader Real Estate and Auction Co., Inc. advertised that the list price for Lot 40MF was $600,000.00.

WA 4521049.7

60.     In the Lot 40MF Purchase Agreement, Grace Properties Branson, LLC, agreed to assume and pay all real estate taxes for Lot 40MF for calendar year 2012 and all subsequent years and to assume and pay all assessments due and payable for the property sold in calendar year 2012 and all subsequent years.

61.     The Lot 40MF Purchase Agreement defines "assessments" payable by Grace Properties Branson, LLC to include the special assessments described below:

(a)  The Property is PART OF A COMMUNITY IMPROVEMENT DISTRICT KNOWN AS THE BRANSON COMMERCE PARK COMMUNITY IMPROVEMENT DISTRICT (THE "DISTRICT") FORMED BY THE CITY OF BRANSON PURSUANT TO MISSOURI LAW TO FUND CERTAIN IMPROVEMENTS AND SERVICES ON THE PROPERTY WITHIN THE BOUNDARIES OF THE DISTRICT.

(b)   AS PART OF ITS OBLIGATION TO PAY THE ORIGINAL BONDS ISSUED IN CONNECTION WITH THE BRANSON COMMERCE PARK PROJECT, THE DISTRICT, BY AND THROUGH ITS BOARD OF DIRECTORS, IS OBLIGATED TO LEVY ANNUAL SPECIAL ASSESSMENTS AGAINST THE PROPERTIES WITHIN THE BOUNDARIES OF THE DISTRICT IN AMOUNTS SUFFICIENT TO GENERATE ANNUAL REVENUE REQUIREMENTS THROUGH 2027.

(c)   FOR EACH RESPECTIVE AUCTION TRACT (EXCEPT AUCTION TRACT 95), THE ANNUAL AMOUNT DUE FROM THE SPECIAL ASSESSMENTS MOST RECENTLY LEVIED IS SHOWN IN THE AUCTION TRACT INFORMATION TABLES INCLUDED IN THE AUCTION EXHIBIT BINDER AS AUCTION EXHIBIT B, UNDER THE COLUMN LABELED "**ANNUAL ASSESSMENTS**".

## Sales to SJ Legacy, LLC

62.     Pursuant to a separate Purchase Agreement between SJ Legacy, LLC, and BCP Land, dated on or about December 26, 2012 ("Lots 36MF-37MF Purchase Agreement"), BCP Land agreed to sell Lots 36MF-37MF of the Developer Owned Special Assessment Property to SJ Legacy, LLC, for a total purchase price of $2,200.00.

63.     Prior to a June 28, 2012, auction scheduled with Schrader Real Estate and Auction Co., Inc., Schrader Real Estate and Auction Co., Inc. advertised that the list price for Lots 36MF-37MF totaled $2,350,000.00.

64.     Upon information and belief, in the Lots 36MF-37MF Purchase Agreement, SJ Legacy, LLC, agreed to assume and pay real estate taxes for Lots 36MF-37MF for calendar year 2012 and all subsequent years and to assume and pay assessments due and payable for the properties sold in calendar year 2012 and all subsequent years.

65.     Upon information and belief, the Lots 36MF-37MF Purchase Agreement defined "assessments" payable by SJ Legacy, LLC, to include the special assessments under the Trust Indenture, which requires sufficient annual revenue through 2027.

66.     Pursuant to separate Purchase Agreements between Country Meadow Estates, LLC, and BCP Land, dated August 23, 2012 ("Lots 30C-35C Purchase Agreements"), BCP Land agreed to sell Lots 30C-35C of the Developer Owned Special Assessment Property to Country Meadow Estates, LLC, for a total purchase price of $3,300.00.

67.     True and accurate copies of the Lots 30C-35C Purchase Agreements, containing the signature of Jack Kynion on behalf of Country Meadow Estates, LLC, are attached hereto as Exhibits 8-13 and incorporated by this reference.

68.     Prior to a June 28, 2012, auction scheduled with Schrader Real Estate and Auction Co., Inc., Schrader Real Estate and Auction Co., Inc. advertised that the list price for Lots 30C-35C totaled $4,790,000.00.

69.     In the Lots 30C-35C Purchase Agreements, Country Meadow Estates, LLC, agreed to assume and pay all real estate taxes for Lots 30C-35C for calendar year 2012, pro rata based upon the final purchase date, and all subsequent years and to assume and pay all

WA 4521049.7

assessments due and payable for the properties sold in calendar year 2012, pro rata based upon the final purchase date, and all subsequent years.

70.     The Lots 30C-35C Purchase Agreements define "assessments" payable by Country Meadow Estates, LLC, to include the special assessments described below:

**(A)  ALL OF THE AUCTION TRACTS EXCEPT AUCTION TRACT 95 ARE PART OF A COMMUNITY IMPROVEMENT DISTRICT KNOWN AS THE BRANSON COMMERCE PARK COMMUNITY IMPROVEMENT DISTRICT (THE "DISTRICT") FORMED BY THE CITY OF BRANSON PURSUANT TO MISSOURI LAW TO FUND CERTAIN IMPROVEMENTS AND SERVICES ON THE PROPERTY WITHIN THE BOUNDARIES OF THE DISTRICT.**

**(B)  AS PART OF ITS OBLIGATION TO PAY THE ORIGINAL BONDS ISSUED IN CONNECTION WITH THE BRANSON COMMERCE PARK PROJECT, THE DISTRICT, BY AND THROUGH ITS BOARD OF DIRECTORS, IS OBLIGATED TO LEVY ANNUAL SPECIAL ASSESSMENTS AGAINST THE PROPERTIES WITHIN THE BOUNDARIES OF THE DISTRICT IN AMOUNTS SUFFICIENT TO GENERATE ANNUAL REVENUE REQUIREMENTS THROUGH 2027.**

**(C)  FOR EACH RESPECTIVE AUCTION TRACT (EXCEPT AUCTION TRACT 95), THE ANNUAL AMOUNT DUE FROM THE SPECIAL ASSESSMENTS MOST RECENTLY LEVIED IS SHOWN IN THE AUCTION TRACT INFORMATION TABLES INCLUDED IN THE AUCTION EXHIBIT BINDER AS AUCTION EXHIBIT B, UNDER THE COLUMN LABELED "ANNUAL ASSESSMENTS".**

71.     The Lots 30C-35C Purchase Agreements provide that they shall inure to the benefit of and shall be binding upon the parties to the agreements and their respective successors and permitted assigns.

72.     On September 8, 2012, Country Meadow Estates, LLC, and BCP Land entered into an Amendment to Purchase Agreement ("Lots 30C-35C Purchase Agreements Amendment"), whereby the parties agreed that SJ Legacy, LLC, would assume all obligations and rights of Country Meadow Estates, LLC, as the buyer defined in the Lots 30C-35C Purchase Agreements.

WA 4521049.7

73.     Country Meadow Estates, LLC, was a limited liability company organized and existing under the laws of the State of Kansas, and the two members of Country Meadow Estates, LLC, were Jack Kynion and Sherry Pluff.

74.     A true and accurate copy of the Lots 30C-35C Purchase Agreements Amendment, containing the signature of Jack Kynion on behalf of SJ Legacy, LLC, and on behalf of Country Meadow Estates, LLC, is attached hereto as Exhibit 14 and incorporated by this reference.

## Sales to Parkway Enterprises, LLC

75.     Pursuant to a Purchase Agreement between Parkway Enterprises, LLC, and BCP Land, dated September 20, 2012 ("Lots 13C-19C Purchase Agreement"), BCP Land agreed to sell Lots 13C-19C of the Developer Owned Special Assessment Property to Parkway Enterprises, LLC, for a total purchase price of $3,850.00.

76.     A true and accurate copy of the Lots 13C-19C Purchase Agreement, containing the signature of Jack Kynion on behalf of Parkway Enterprises, LLC, is attached hereto as Exhibit 15 and incorporated by this reference.

77.     Prior to a June 28, 2012, auction scheduled with Schrader Real Estate and Auction Co., Inc., Schrader Real Estate and Auction Co., Inc. advertised that the list price for Lots 13C-19C totaled $5,970,000.00.

78.     In the Lots 13C-19C Purchase Agreement, Parkway Enterprises, LLC, agreed to assume and pay all real estate taxes for Lots 13C-19C for calendar year 2012 and all subsequent years and to assume and pay all assessments due and payable for the property sold in calendar year 2012 and all subsequent years.

79.     The Lots 13C-19C Purchase Agreement defines "assessments" payable by Parkway Enterprises, LLC, to include the special assessments described below:

WA 4521049.7

(a)  The Property is PART OF A COMMUNITY IMPROVEMENT DISTRICT KNOWN AS THE BRANSON COMMERCE PARK COMMUNITY IMPROVEMENT DISTRICT (THE "DISTRICT") FORMED BY THE CITY OF BRANSON PURSUANT TO MISSOURI LAW TO FUND CERTAIN IMPROVEMENTS AND SERVICES ON THE PROPERTY WITHIN THE BOUNDARIES OF THE DISTRICT.

(b)  AS PART OF ITS OBLIGATION TO PAY THE ORIGINAL BONDS ISSUED IN CONNECTION WITH THE BRANSON COMMERCE PARK PROJECT, THE DISTRICT, BY AND THROUGH ITS BOARD OF DIRECTORS, IS OBLIGATED TO LEVY ANNUAL SPECIAL ASSESSMENTS AGAINST THE PROPERTIES WITHIN THE BOUNDARIES OF THE DISTRICT IN AMOUNTS SUFFICIENT TO GENERATE ANNUAL REVENUE REQUIREMENTS THROUGH 2027.

(c)  FOR EACH RESPECTIVE AUCTION TRACT (EXCEPT AUCTION TRACT 95), THE ANNUAL AMOUNT DUE FROM THE SPECIAL ASSESSMENTS MOST RECENTLY LEVIED IS SHOWN IN THE AUCTION TRACT INFORMATION TABLES INCLUDED IN THE AUCTION EXHIBIT BINDER AS AUCTION EXHIBIT B, UNDER THE COLUMN LABELED "ANNUAL ASSESSMENTS".

### Sales to JH Branson, LLC

80.     Pursuant to a Purchase Agreement between JH Branson, LLC, and BCP Land, dated November 6, 2012 ("Lots 27C-29C Purchase Agreement"), BCP Land agreed to sell Lots 27C-29C of the Developer Owned Special Assessment Property to JH Branson, LLC, for a total purchase price of $452,000.00.

81.     A true and accurate copy of the Lots 27C-29C Purchase Agreement, containing the signature of Jack Kynion on behalf of JH Branson, LLC, is attached hereto as Exhibit 16 and incorporated by this reference.

82.     Prior to a June 28, 2012, auction scheduled with Schrader Real Estate and Auction Co., Inc., Schrader Real Estate and Auction Co., Inc. advertised that the list price for Lots 27C-29C totaled $1,480,000.00.

83.     In the Lots 27C-29C Purchase Agreement, JH Branson, LLC, agreed to assume and pay all real estate taxes for Lots 27C-29C for calendar year 2012 and all subsequent years

and to assume and pay all assessments due and payable for the property sold in calendar year 2012 and all subsequent years.

84.     The Lots 27C-29C Purchase Agreement defines "assessments" payable by JH Branson, LLC, to include the special assessments described below:

> (1)  The Property is part of a COMMUNITY IMPROVEMENT DISTRICT known as the BRANSON COMMERCE PARK COMMUNITY IMPROVEMENT DISTRICT (the "DISTRICT") formed by the City of Branson pursuant to Missouri law to fund certain improvements and services on the property within the boundaries of the DISTRICT.

> (2)  As part of its obligation to pay the original bonds issued in connection with the Branson Commerce Park Project, the DISTRICT, by and through its Board of Directors, is obligated to levy annual SPECIAL ASSESSMENTS against the properties within the boundaries of the DISTRICT in amounts sufficient to generate annual revenue requirements through 2027.

85.     The Lots 9C-12C Purchase Agreements, Lot 40MF Purchase Agreement, Lots 36MF-37MF Purchase Agreement, Lots 30C-35C Purchase Agreements, Lots 13C-19C Purchase Agreement, and Lots 27C-29C Purchase Agreement are collectively referred to herein as the 2012 Purchase Agreements.

86.     The Developer Owned Special Assessment Property sold pursuant to the 2012 Purchase Agreements is collectively referred to herein as the Kynion Properties.

### DEVELOPER'S REQUEST FOR RELEASE OF FUNDS IN DPRF

87.     Following the sale of each of the Kynion Properties in 2012, the Developer requested that Trustee release a pro rata portion of the DPRF to Jack Redwine.

88.     The Developer represented that the Kynion Properties were sold to a third-party not controlling, controlled by or under common control with the Developer and the conditions of section 406(c) of the Trust Indenture had been satisfied.

89.     Based on Developer's representations, Trustee released the sum of $962,646.61 from the DRPF to Jack Redwine in the following increments:

17

WA 4521049.7

a.     $173,071.91 on August 2, 2012 (sale of Lots 9C-12C);

b.     $239,517.00 on September 14, 2012 (sale of Lots 30C-35C);

c.     $303,772.80 on November 13, 2012 (sale of Lots 13C-19C);

d.     $67,678.35 on December 4, 2012 (sale of Lots 27C-29C); and,

e.     $180,883.81 on December 27, 2012 (sale of Lots 36MF-37MF and 40MF).

90.     In 2013, the Buyers of the Kynion Properties failed to pay the special assessments due on those properties for calendar year 2012 and Trustee and the bondholders learned that Jack Kynion was/is a business associate of and/or financial advisor for members of Developer.

91.     In 2013, the Trustee also learned that Buyers of the Kynion Properties did not and do not intend to develop the Kynion Properties vertically; rather, the Buyers intend only to resume the marketing efforts of Developer.

### FAILURE TO PAY 2012 AND 2013 SPECIAL ASSESSMENTS

92.     Grace Properties Branson, LLC, failed to pay the following special assessments on the Developer Owned Special Assessment Property that it purchased pursuant to the Lots 9C-12C Purchase Agreements and Lot 40MF Purchase Agreement:

a.     $173,071.91 on Lots 9C-12C due December 31, 2012;

b.     $173,071.91 on Lots 9C-12C due December 31, 2013;

c.     $68,839.13 on Lot 40MF due December 31, 2012; and,

d.     $68,839.13 on Lot 40MF due December 31, 2013.

93.     SJ Legacy, LLC, failed to pay the following special assessments on the Developer Owned Special Assessment Property that it purchased pursuant to the Lots 36MF-37MF Purchase Agreements and Lots 30C-35C Purchase Agreements:

a.     $114,456.46 on Lots 36MF-37MF due December 31, 2012;

WA 4521049.7

b.    $114,456.46 on Lots 36MF-37MF due December 31, 2013;

c.    $242,710.56 on Lots 30C-35C due December 31, 2012; and,

d.    $242,710.56 on Lots 30C-35C due December 31, 2013.

94.    Parkway Enterprises, LLC, failed to pay special assessments in the sum of $307,823.10 that were due on December 31, 2012 and special assessments in the sum of $307,823.10 that were due on December 31, 2013, which were owed on the Developer Owned Special Assessment Property (Lots 13C-19C) that it purchased pursuant to the Lots 13C-19C Purchase Agreement.

95.    JH Branson, LLC, failed to pay special assessments in the sum of $68,580.73 that were due on December 31, 2012 and special assessments in the sum of $68,580.73 that were due on December 31, 2013, which were owed on the Developer Owned Special Assessment Property (Lots 27C-29C) that it purchased pursuant to the Lots 27C-29C Purchase Agreement.

96.    As a result of these unpaid special assessments, Trustee was required to withdraw funds from the Debt Service Reserve Fund to fund the June 1, 2013 debt service payment owed to the bondholders.

97.    Trustee could not withdraw funds from the guaranteed DPRF to fund the June 1, 2013 debt service payment owed to the bondholders because Trustee believed that the subject properties were no longer owned by the Developer based on the representations by the Developer.

98.    With respect to the Series 2007A bonds, the amount of $290,504.04 was transferred from the Debt Service Reserve Fund to fund the June 1, 2013 debt service payment. With respect to the Series 2007B bonds, the amount of $72,633.72 was transferred from the Debt Service Reserve Fund to fund the June 1, 2013 debt service payment.

WA 4521049.7

99.     The District has not replenished the Debt Service Reserve Fund to its minimum level, as required by the Trust Indenture.

100.     If these special assessments are not paid in the future, Trustee will be required to withdraw funds from the Debt Service Reserve Fund to fund future debt service payments owed to the bondholders.

101.     The 2012 and 2013 special assessments on the Kynion Properties remain unpaid as of the date of filing this Complaint.

## SALES OF DISTRICT PROPERTY BY BCP LAND IN 2013

102.     In 2013, BCP Land sold certain parcels of the Developer Owned Special Assessment Property.

103.     BCP Land posted those parcels for sealed bid auctions conducted by Cates Auction & Realty Co., Inc.  The bidding on those auctions closed in or around November 2013.

### Sale to Business Advisors, LC

104.     On or about November 16, 2013, BCP Land agreed to sell Lot 39MF of the Developer Owned Special Assessment Property to Business Advisors, LC, for a total purchase price of $220.00.  In connection with that sale, BCP Land agreed to pay all settlement charges, which exceeded the $220.00 purchase price.

105.     A true and accurate copy of the Real Estate Sale Contract for Lot 39MF, containing the signature of Keith Hanson on behalf of Business Advisers, LC, is attached hereto as Exhibit 17 and incorporated by this reference.

106.     Prior to the auction scheduled with Cates Auction & Realty Co., Inc., Cates Auction & Realty Co., Inc. advertised that Lot 39MF was previously listed for $1,250,000.00.

20

WA 4521049.7

107. As a condition of the sale, Business Advisors, LC, agreed to assume and pay all real estate taxes and assessments for Lot 39MF due and payable on or before December 31, 2013.

108. Upon information and belief, Business Advisors, LC failed to pay the special assessments for Lot 39MF that were due on or before December 31, 2013.

## Sale to Appliance Center of the Ozarks, LLC

109. On or about November 15, 2013, BCP Land agreed to sell Lot 38MF of the Developer Owned Special Assessment Property to GOTMC, LLC, for a total purchase price of $330.00. In connection with that sale, BCP Land agreed to pay all settlement charges, which exceeded the $330.00 purchase price.

110. A true and accurate copy of the Real Estate Sale Contract for Lot 38MF is attached hereto as Exhibit 18 and incorporated by this reference.

111. Prior to the auction scheduled with Cates Auction & Realty Co., Inc., Cates Auction & Realty Co., Inc. advertised that Lot 38MF was previously listed for $1,200,000.00.

112. On or about December 23, 2013, BCP Land executed Amendment to Real Estate Sale Contract whereby the term "Buyer" under the Real Estate Sale Contract for Lot 38MF was changed from GOTMC, LLC to Appliance Center of the Ozarks, LLC.

113. As a condition of the sale, Appliance Center of the Ozarks, LLC, agreed to assume and pay all real estate taxes and assessments for Lot 38MF due and payable on or before December 31, 2013.

114. Upon information and belief, Appliance Center of the Ozarks, LLC failed to pay the special assessments for Lot 38MF that were due on or before December 31, 2013.

WA 4521049.7

## COUNT I
### (Declaratory Judgment against Developer, Buyers and Redwine)

115.    Plaintiff realleges and incorporates the allegations of the foregoing paragraphs of the Complaint as if fully set forth herein.

116.    There now exists an actual and justiciable controversy between Trustee, Developer, Buyers and Mr. Redwine as to the interpretation and effect of the Trust Indenture; specifically, whether the Buyers are "affiliates" of Developer so that (1) the requirements of Section 406 of the Trust Indenture for releasing a portion of the DPRF to Mr. Redwine had not been satisfied and, thus, Mr. Redwine must return the portion of the DPRF released to him, (2) the special assessments owed and unpaid on the Kynion Properties in 2012 and 2013 should be paid from the DPRF and subject to the Replenishment Covenant and Replenishment Guaranty; and, (3) future special assessments on the Kynion Properties that are unpaid should be paid from the DPRF and subject to the Replenishment Covenant and Replenishment Guaranty.

117.    On December 27, 2013, Trustee made demand on Developer and Mr. Redwine to replenish the DPRF in the amount released to Mr. Redwine.

118.    As of the date of filing this Complaint, Developer and Mr. Redwine have not replenished the DPRF.

119.    The controversy is ripe and appropriate for judicial determination and there is no adequate remedy at law.  The Trust Indenture is a continuing contract and there is a great likelihood that the same question of contract interpretation will arise in the future, producing additional litigation.

WHEREFORE Plaintiff requests that the Court enter its Order finding and declaring the rights and obligations of the parties with respect to funds released from and currently in the DPRF and the payment of future defaulted special assessments, specifically that:

WA 4521049.7

a.   Buyers are "affiliates" and/or "successors" of Developer;

b.   The Kynion Properties remained Developer Owned Special Assessment Property after the sale to Buyers;

c.   The conditions of Section 406 of the Trust Indenture for releasing a portion of the DPRF were not satisfied by the sale of the Kynion Properties to Buyers;

d.   Mr. Redwine was not entitled to receive any portion of the DPRF based on the sale of the Kynion Properties to Buyers;

e.   The special assessments on the Kynion Properties that were unpaid by the Buyers for 2012 and 2013 were/are to be paid by funds in the DPRF pursuant to Section 406 of the Trust Indenture;

f.   Pursuant to the Replenishment Covenant, Developer, as the successor of Branson Commerce Park, LLC, is required to replenish the DPRF for the sums withdrawn by Trustee to pay for the defaulted special assessments on the Kynion Properties;

g.   To the extent Developer fails to replenish the DPRF as required under the Replenishment Covenant, the individual parties to the Replenishment Guaranty must satisfy Developer's replenishment obligations; and

h.   Future failures by the Buyers to pay special assessments on the Kynion Properties shall obligate Trustee to pay those special assessments through the DPRF and then seek replenishment pursuant to Section 406 of the Trust Indenture, the Replenishment Covenant, and the Replenishment Guaranty; and

for an award of costs and such other and further relief that the Court deems just and proper.

## COUNT II
### (Unjust Enrichment against Redwine)

120.    Plaintiff realleges and incorporates the allegations of the foregoing paragraphs of the Complaint as if fully set forth herein.

121.    Mr. Redwine recognized that a benefit was conferred on him by Trustee when it released the sum of $962,646.61 from the DPRF and Mr. Redwine accepted and retained that benefit.

WA 4521049.7

122.    If the Court determines that, under Count I, Mr. Redwine was not entitled to receive any portion of the DPRF based on the sale of the Kynion Properties, then Mr. Redwine's retention of the $962,646.61 paid from the DPRF by Trustee would be unjust and inequitable.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant Jack Redwine, awarding damages in an amount exceeding $75,000.00 plus pre-judgment and post-judgment interest, and costs incurred in this action; impose a constructive trust on the $962,646.61 of DPRF proceeds paid to Mr. Redwine; and, grant such other relief that the Court deems just and proper.

## COUNT III
### (Negligent Misrepresentation against Developer)

123.    Plaintiff realleges and incorporates the allegations of the foregoing paragraphs of the Complaint as if fully set forth herein.

124.    Developer supplied information to Trustee in the course of business and because of Developer's pecuniary interest in reducing its liability under the Replenishment Covenant.

125.    Developer represented that the sale of the Kynion Properties satisfied the conditions of Section 406(c) of the Trust Indenture and, therefore, converted those properties to something other than Developer Owned Special Assessment Property.

126.    Because of Developer's failure to exercise reasonable care, that representation was false.

127.    Developer made that representation intentionally.

128.    Trustee justifiably relied on the information supplied by Developer.

129.    The representation caused Trustee to suffer a pecuniary loss by releasing a portion of the DPRF to Mr. Redwine and eliminating Trustee's ability to seek replenishment of unpaid special assessments from Developer under the Replenishment Covenant.

24

WA 4521049.7

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant BCP Land Company, LLC, awarding damages in an amount exceeding $75,000.00 plus pre-judgment and post-judgment interest, and attorneys' fees and costs incurred in this action and grant such other relief that the Court deems just and proper.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Douglas M. Weems

| Douglas M. Weems | MO #41165 |
| Adam M. Laboda | MO #57139 |
| Kersten L. Holzhueter | MO #62962 |

1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106-2140
(816) 474-8100
(816) 474-3216 (facsimile)
dweems@spencerfane.com
alaboda@spencerfane.com
kholzhueter@spencerfane.com

ATTORNEYS FOR PLAINTIFF

25

WA 4521049.7