IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BOKF, N.A., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BCP LAND COMPANY, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

-------------------------------------------------------------  Case No. 6:14-cv-03025-MDH

| | |
|---|---|
| BCP LAND COMPANY, LLC, | ) |
| JACK REDWINE, TIM JURY, PHIL LOPEZ, | ) |
| JURY INDUSTRIES, ZEPOL INDUSTRIES, | ) |
| | ) |
| Defendants/Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| BOKF, N.A., | ) |
| Plaintiff/Counterclaim Defendant, | ) |
| | ) |
| S. BRENT VARZALY, KENNETH DOTSON, | ) |
| CREWS & ASSOCIATES, INC., and | ) |
| ASPEN WEALTH MANAGEMENT, INC., | ) |
| | ) |
| Counterclaim Defendants. | ) |

## ORDER

Before the Court are motions to dismiss filed by all "Counterclaim Defendants" in this matter. (Docs. 155, 157, 158). Counterclaim Defendants move to dismiss Counts IV, V, VI, and VII of Plaintiffs' First Amended Counterclaim for lack of jurisdiction and failure to state a claim. Upon careful consideration of the issues presented and legal arguments provided by the parties, the Court hereby **GRANTS** the motions and **DISMISSES** Counts IV, V, VI, and VII of the First Amended Counterclaim.

**BACKGROUND**

The facts underlying this lawsuit are more fully described in the Court's previous order (Doc. 104). At the core of this suit is a dispute concerning whether the release (or non-release) of Development Period Reserve Funds (DPRF) to Redwine following sales of certain parcels of Special Assessment Property was appropriate under the terms of the Trust Indenture. Also at issue in the case are Defendants' actions surrounding the sales of those parcels of property; specifically, whether Defendants intentionally misrepresented certain facts and/or engaged in a scheme to defraud Plaintiff in order to get DPRF funds released.

Plaintiff BOKF, N.A. filed suit in federal court on January 17, 2014 on the basis of diversity jurisdiction. Plaintiff (OK) sued Defendants BCP Land Company, LLC (KS), Jack Redwine (KS), and numerous "Buyer Defendants" (KS) seeking a declaratory judgment concerning the parties' respective rights under the Trust Indenture.[1] Plaintiff also brought claims for unjust enrichment against Redwine and negligent misrepresentation against BCP Land Company, LLC. On December 23, 2014, the Court granted Plaintiff leave to file an amended complaint in order to add additional claims and parties. Plaintiff's Amended Complaint added the two other LLC members of BCP Land Company, LLC (hereinafter referred to, along with BCP Land Company, LLC, as "BCP Land Company Defendants"), Jack Kynion II (KS), and two additional "Buyer Defendants" (KS, MO).[2] Plaintiff added a RICO claim against all Defendants and changed its negligent misrepresentation claim to a fraudulent misrepresentation claim.

---

[1] BOKF is the "Trustee" under the Trust Indenture. BCP Land Company, LLC is the "Developer" under the Trust Indenture. Jack Redwine is a member of BCP Land Company, LLC and is the assignee of the DPRF funds. The remaining entities are grouped together as "Buyer Defendants" who allegedly purchased land from BCP Land Company, LLC and failed to pay special assessments - Grace Properties Branson, LLC (KS), SJ Legacy, LLC (KS), Parkway Enterprises, LLC (KS), JH Branson, LLC (KS), and Jack Redwine (KS).

[2] Defendant Timothy Jury (KS) is effectively the sole member of Defendant Jury Industries, LLC and Defendant Philip Lopez (KS) is a member, along with his wife, of Defendant Zepol Industries, LLC. These LLC's are the other two members of BCP Land Company, LLC along with Jack Redwine. Jack Kynion II is a financial advisor to

```
                                    BCP Land Company Defendants (KS)
      BOKF (OK)        ──────→      Redwine (KS)
                                    Kynion II (KS)
                                    Buyer Defendants (MO, KS)
```

On January 26, 2015, the BCP Land Company Defendants (all KS) and Jack Redwine (KS) filed an answer and counterclaim. The Amended Counterclaim asserts claims against Plaintiff BOKF, N.A. (OK) and four newly added "Counterclaim Defendants"[3] – S. Brent Varzaly (KS), Kenneth Dotson (MO), Crews and Associates, Inc. (AR), and Aspen Wealth Management, Inc. (KS).[4] Counts I through III are brought by Redwine and assert claims against BOKF for declaratory judgment, breach of contract, and money had and received. Counts IV and V are brought by all Counterclaim Plaintiffs and allege abuse of process (against BOKF, Varzaly, and Dotson) and conspiracy to abuse process (against all Counterclaim Defendants). Counts VI and VII are brought by Redwine and allege tortious interference with a contract (against Crews and Aspen) and conspiracy to tortiously interfere with a contract (against all Counterclaim Defendants).



---

BCP Land Company, LLC and a sole/partial member of all of the original "Buyer Defendants." The remaining two entities – Business Advisors, LC (KS) and Appliance Center of the Ozarks, LLC (MO) – are also allegedly connected to Jack Kynion and were added to the group of "Buyer Defendants."

[3] The Court presumes these parties were added pursuant to Federal Rules of Civil Procedure 13(h) and 20. Here, Defendants did not seek leave of court to add the parties. While adding parties without leave of court is permitted, especially when a counterclaim is filed as a part of a responsive pleading, the general practice is to obtain a court order to join the additional party. *See generally Travelers Indem. Co. of Am. v. Holtzman Properties, L.L.C.*, No. 4:08-CV-351 CAS, 2008 WL 3929574, at *2 (E.D. Mo. Aug. 21, 2008).

[4] S. Brent Varzaly and Kenneth Dotson are employees of Plaintiff BOKF. Crews and Associates, Inc. and Aspen Wealth Management, Inc. are on the bondholder's committee.

3

## ANALYSIS

Both Plaintiff BOKF and newly-added Counterclaim Defendants move to dismiss Amended Counterclaim Counts IV through VII for lack of jurisdiction and failure to state a claim. The Court will discuss the abuse of process and tortious interference allegations in turn.

### A. Abuse of Process & Conspiracy to Abuse Process (Counts IV, V)

In Count IV, Counterclaim Plaintiffs assert abuse of process against BOKF and newly-added BOKF employees, Varzaly and Dotson. Counterclaim Plaintiffs allege "Plaintiff's goal in this lawsuit is not simply to obtain the declaratory judgment it desires from this Court." Rather, Counterclaim Plaintiffs allege BOKF amended the complaint to assert fraud and RICO violations, after threatening to do so and without probable cause or specific knowledge to support those allegations, for the following malicious purposes: (1) to divert attention of the buyers of bonds away from Crew's failure to properly disclose the risks of buying the bonds; (2) to bleed the assets of Counterclaim Plaintiffs; (3) to interfere with and suppress the conduct of Counterclaim Plaintiffs' business; (4) to compel Counterclaim Plaintiffs to buy all outstanding bonds or otherwise extort money from them; and (5) to improperly pressure Counterclaim Plaintiffs to settle this litigation. Count V alleges that all Counterclaim Defendants agreed to the allegedly unlawful purposes cited above.

One argument furthered by Counterclaim Defendants in support of their motion to dismiss the abuse of process claims is that the Court lacks subject matter jurisdiction to hear such claims. They argue Counterclaim Plaintiffs failed to plead jurisdiction. Counterclaim Plaintiffs assert through briefing that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a) because the abuse of process claims "arise from the same nucleus of operative facts as the claims asserted in the First Amended Complaint." Counterclaim Defendants respond that the

4

abuse of process counterclaims are merely permissive and the Court does not have an otherwise independent basis for subject matter jurisdiction.

### 1. Abuse of process claims are permissive counterclaims.

Under Eighth Circuit precedent, a party asserting a counterclaim can invoke ancillary jurisdiction over the counterclaim only where it is considered compulsory; where the counterclaim is permissive, the party asserting the counterclaim must provide an independent basis for the court's subject matter jurisdiction. *Shelter Mut. Ins. Co. v. Pub. Water Supply Dist. No. 7 of Jefferson Cnty., Mo.*, 747 F.2d 1195, 1197 (8th Cir. 1984); *see generally Tullos v. Parks*, 915 F.2d 1192, 1194 (8th Cir. 1990). A counterclaim is considered compulsory where it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). The Eighth Circuit cites four tests to determine whether a counterclaim arises out of the same transaction or occurrence. *Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir. 1979); *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990). Those tests ask whether: (1) the issues of fact and law raised by the claim and counterclaim are largely the same, (2) res judicata would bar a subsequent suit on the counterclaim, (3) substantially the same evidence supports/refutes the claim and counterclaim, and (4) there is any logical relation between the claim and the counterclaim. *Id.* at 623.

Applying these tests, the Eighth Circuit has found abuse of process counterclaims permissive where the alleged abuse of process is the commencement of the present lawsuit. *See Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 263 (8th Cir. 1979) (holding legal abuse of process claim based on filing of lawsuit in Iowa was permissive in the Iowa lawsuit itself because the abuse of process claim did not arise from the same transaction or occurrence as the underlying claims in the Iowa lawsuit – "In no substantial sense can appellants' claims for relief

for abuse of process be found to have arisen out of the alleged breach of contract by Bagley and out of the alleged breach of fiduciary duties by Bagley and Aarsen."); *Comidas Exquisitos, Inc. v. Carlos McGee's Mexican Cafe, Inc.*, 602 F. Supp. 191, 200 (S.D. Iowa) *aff'd sub nom. Comidas Exquisitos, Inc. v. O'Malley & McGee's, Inc.*, 775 F.2d 260 (8th Cir. 1985) ("The Court can exercise ancillary jurisdiction over defendant's counterclaim only if it is compulsory. . . . However, defendant's counterclaim arises out of the prosecution of this action while the subject matter of plaintiff's claims is defendant's use of the name 'Carlos McGee's.' Therefore, the Court cannot exercise ancillary jurisdiction over defendant's counterclaim."). Other federal courts have also found abuse of process counterclaims permissive in these types of situations.[5] Missouri courts appear to agree. *See, e.g., Diehl v. Fred Weber, Inc.*, 309 S.W.3d 309, 316 (Mo. Ct. App. 2010) (allowing abuse of process claim against defendant for defendant's alleged abuse of process in commencement of a prior suit).

Here, like the cases cited in the discussion above, the abuse of process counterclaims do not arise out of the same transaction or occurrence that is the subject matter of Plaintiff's claims. First, the issues of fact and law raised by Plaintiff's claims and Defendants' abuse of process counterclaims are not "largely the same." Defendants' counterclaims focus on the prosecution of

---

[5] *Walker v. THI of New Mexico at Hobbs Ctr.,* 803 F. Supp. 2d 1287, 1316-22 (D.N.M. 2011) (abuse of process claim permissive where underlying claims were for racial discrimination, retaliation, breach of contract, and intentional infliction of emotional distress); *In re Seybold*, No. 07-11441, 2008 WL 1321878, at *3 (Bankr. N.D. Ind. Mar. 11, 2008) (abuse of process claim permissive where underlying claim was for non-dischargeable debt based on bank fraud); *Silverstein v. United Men's Store*, No. CIV.A. 85-2838, 1986 WL 1999, at *1 (E.D. Pa. Feb. 5, 1986) (abuse of process claim permissive where underlying claim brought under ADEA); *La Salle Nat'l Bank v. Keystone Serv. Co. Div. of C.O.L.E.*, No. 83 C 5436, 1984 WL 865, at *3 (N.D. Ill. Sept. 4, 1984) (abuse of process claim permissive where underlying claims were for RICO and declaratory relief); *N. Carolina Elec. Membership Corp. v. Carolina Power & Light Co.*, 85 F.R.D. 249, 251-54 (M.D.N.C. 1979) (abuse of process claim permissive where underlying claims were for antitrust violations); *Bose Corp. v. Consumers Union of U.S., Inc.*, 384 F. Supp. 600, 603 (D. Mass. 1974) certified question answered, 367 Mass. 424, 326 N.E.2d 8 (1975) (abuse of process claim permissive where underlying claims were for unfair competition and Lanham Act violation); *see also Galloway v. Zuckert*, 424 N.W.2d 437, 439 (Iowa 1988) (abuse of process claim permissive where underlying claims concerned lease agreement). *But see Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1252 (9th Cir. 1987) (noting "courts have split on the question whether an abuse of process claim is a compulsory counterclaim in the very action which allegedly is abusive").

this action while the subject matter of Plaintiff's claims involves the sales of Special Assessment Property and the interpretation of the Trust Indenture. Not only do the claims and counterclaims involve different facts but the elements of the claims are dissimilar.[6] Second, res judicata would not bar a subsequent claim for abuse of process. The focus of an abuse of process claim is not that the opposing party brought suit upon an unfounded claim but, rather, that suit was initiated for some collateral purpose. *Howard v. Youngman*, 81 S.W.3d 101, 118 (Mo. Ct. App. 2002); *Teefey v. Cleaves*, 73 S.W.3d 813, 818 (Mo. Ct. App. 2002). Therefore, regardless of whether Plaintiff ultimately has a meritorious RICO or fraudulent misrepresentation claim, Counterclaim Plaintiffs can pursue their abuse of process claim without the bar of res judicata. *See Moffett v. Commerce Trust Co.*, 283 S.W.2d 591, 599 (Mo. 1955) ("in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his favor"). Third, based on the discussion above, it is apparent that different evidence is required to prove/disprove the claims and counterclaims; for example, the counterclaims must present evidence of Plaintiff's alleged collateral purposes (i.e. evidence of threats to sue, the risks of bonds that were not disclosed to bondholders, the lawsuit's negative effect on business), whereas the original claims must present evidence related to the circumstances surrounding the sales of property, Defendants' alleged scheme, and the interpretation of the Trust Indenture. Finally, any logical relation between the sales of property, the release of the DPRF funds, and Plaintiff's alleged collateral purpose in amending the complaint is too attenuated to outweigh the potential issue of juror confusion if the abuse of process counterclaims were to proceed to trial in this action.

---

[6] The elements involved in an abuse of process claim are: "(1) the present defendant made an illegal, improper, perverted use of process, a use neither warranted nor authorized by the process; (2) the defendant had an improper purpose in exercising such illegal, perverted or improper use of process; and (3) damage resulted[.]" *Ritterbusch v. Holt*, 789 S.W.2d 491, 493 (Mo. 1990). These elements are clearly distinct from Plaintiff's claims for declaratory judgment regarding the parties' respective rights under the Trust Indenture, unjust enrichment, RICO, and fraudulent misrepresentation. *See generally*, Court's Order date 12/23/14 (Doc. 104). For example, the RICO claim requires Plaintiff to show: "'(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Crest Const. II, Inc. v. Doe*, 660 F.3d 346, 353 (8th Cir. 2011).

Based on the foregoing, and under Eighth Circuit precedent regarding ancillary jurisdiction, the abuse of process counterclaims are permissive and without an independent basis for subject matter jurisdiction;[7] therefore, those counterclaims should be dismissed for lack of subject matter jurisdiction.

### 2. Abuse of process claims are not part of the same case or controversy.

Although the Eighth Circuit has not yet addressed the issue, several appellate courts hold that the 1990 enactment of 28 U.S.C. § 1367 allows supplemental jurisdiction to cover at least some permissive counterclaims that were previously denied ancillary jurisdiction. *Global NAPs, Inc. v. Verizon New England, Inc.*, 603 F.3d 71, 76 (1st Cir. 2010); *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 210–14 (2d Cir. 2004); *Channell v. Citicorp Nat'l Servs., Inc.*, 89 F.3d 379, 384–87 (7th Cir. 1996).[8] For those courts, if a counterclaim satisfies the "same case or controversy" requirement under 28 U.S.C. § 1367, then the counterclaim can invoke supplemental jurisdiction even if it does not arise from the same transaction or occurrence. *Id.*

Claims are part of the same case or controversy if they derive from a common nucleus of operative fact. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007). Claims derive from a common nucleus of operative fact if they would ordinarily be expected to be tried

---

[7] The Court's review shows that the abuse of process counterclaims do not present an independent federal question and would destroy complete diversity – i.e. Counterclaim Defendants Varzaly and Aspen have common citizenship with Counterclaim Plaintiffs.

[8] *See generally* Charles Alan Wright, et al., 13D Fed. Prac. & Proc. Juris. § 3567.1 (3d ed. 2014):

> One intriguing issue is whether a court may exercise supplemental jurisdiction over a permissive counterclaim under Civil Rule 13(b). Such a claim, by definition, does not arise from the same transaction or occurrence as the underlying dispute. Some courts have stated as boilerplate that compulsory counterclaims do invoke supplemental jurisdiction and permissive counterclaims do not. They do so by incorrectly equating Gibbs with the transaction or occurrence test of the Civil Rules. As discussed above, however, Gibbs is broader than transaction or occurrence, and embraces all claims with a loose factual connection to the jurisdiction-invoking claim. While it is undoubtedly true that many—perhaps most—permissive counterclaims will not be sufficiently factually related to the underlying case to satisfy Gibbs, courts increasingly recognize that some permissive counterclaims can satisfy § 1367(a). Thus courts should avoid bromides such as the boilerplate concerning permissive counterclaims and engage instead in a meaningful consideration of whether the claim satisfies § 1367(a).

together. *Id.* The "same case or controversy" requirement under 28 U.S.C. § 1367 is considered broader than the "transaction or occurrence" test in Rule 13. *See Global NAPs*, 603 F.3d at 88; *see also* Charles Alan Wright, et al., 13D Fed. Prac. & Proc. Juris. § 3567.1 (3d ed. 2014) ("It is absolutely clear that the common nucleus concept encompasses claims that arise from the same 'transaction or occurrence' as the jurisdiction-invoking claim.").

While this standard makes it possible for courts to find permissive abuse of process counterclaims covered by supplemental jurisdiction, courts seem unwilling to find a common nucleus of operative fact where the abuse of process claim arises from the commencement or maintenance of the pending lawsuit itself. *See, e.g., Walker v. THI of New Mexico at Hobbs Ctr.*, 803 F. Supp. 2d 1287, 1324-25 (D.N.M. 2011) ("The facts upon which Walker's claims are based relate to Walker's employment at THI of Hobbs and how she was treated during her employment. The facts upon which the Counterclaim are based relate to Walker's actions in filing her Complaint and amended Complaints, and her actions in the litigation. These nuclei of operative fact are not related in time, space, or origin."); *see also Sparig v. Danenberg*, No. 11-CV-5206 JG CLP, 2012 WL 2564231, at *5 (E.D.N.Y. June 29, 2012); *Miller v. Cabletron Sys., Inc.*, No. C-92-182-L, 1994 WL 258649, at *6 (D.N.H. Feb. 5, 1994); *but see Millennium Labs., Inc. v. Rocky Mountain Tox, LLC*, No. 10-CV-02734-MSK-KMT, 2011 WL 4736357, at *3 (D. Colo. Oct. 7, 2011). In a similar vein, the Eastern District of Missouri recently held that a malicious prosecution counterclaim did not share a common nucleus of operative fact with an FLSA claim, and could therefore not invoke supplemental jurisdiction. *Herbst v. Ressler & Associates, Inc.*, No. 4:13-CV-2327 CAS, 2014 WL 4205294, at *5 (E.D. Mo. Aug. 22, 2014) ("The counterclaim is based on an act—plaintiff's filing of the instant FLSA suit—that is entirely separate from facts concerning plaintiff's work hours, duties and pay.").

Here, the Court finds the abuse of process counterclaims do not form part of the same case or controversy as Plaintiff's claims. Counterclaim Plaintiffs argue the counterclaims arise from a common nucleus of operative fact because both the claims and counterclaims will require consideration of facts related to the Trust Indenture, the development of Trust Indenture Section 406, Counterclaim Plaintiff's acquisition of the development, the sales of the property, the release of funds, and the filing and amending of this lawsuit. Based on the limited nature of a Missouri abuse of process claim, however, the Court disagrees that the entire life of the Trust Indenture constitutes the "nucleus of operative facts" for the abuse of process counterclaims. *See HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1198 (3d Cir. 1996) ("Claims are part of the same case or controversy if they share *significant* factual elements." (emphasis added)); *Yetnikoff v. Mascardo*, No. 06 CIV.13494 GEL, 2007 WL 690135, at *2 (S.D.N.Y. Mar. 6, 2007) ("While facts relevant to one claim might provide background with respect to the other, more is required to satisfy the common nucleus of operative fact standard."). The Court finds the facts related to Plaintiff's actions during the course of this litigation (i.e. the purpose for amending the complaint) are entirely separate from facts related to the terms of the contract, the sales of the property, the release of the DPRF funds, and Defendants' actions at or before the time of the sales. Therefore, the Court cannot hold that the abuse of process counterclaims share a common nucleus of operative fact with Plaintiff's claims.

In sum, Defendants' abuse of process and conspiracy to abuse process counterclaims do not arise from the same transaction or occurrence as Plaintiff's claims, nor do they derive from a common nucleus of operative fact. Therefore, the Court lacks subject matter jurisdiction to hear those claims and they are hereby dismissed without prejudice.

### Count VI – VII: Tortious Interference with Contract & Conspiracy to Commit Tortious Interference with Contract

In Count VI, Redwine claims two members of the bondholders committee – Crews and Associates, Inc. and Aspen Wealth Management, Inc. – tortiously interfered with his contractual right to receive money released from the DPRF. Redwine alleges Crews and Aspen both knew Redwine had a contractual right to receive money released from the DPRF because they were both involved in the drafting of the DPRF provision and knew (1) no development, vertical or horizontal, is required under the Trust Indenture to release funds from the DPRF after a sale of property, and (2) the buyer's payment of assessments after the sale is wholly irrelevant to whether funds must be released from the DPRF. Redwine alleges Crews and Aspen interfered with his contractual right to receive payments by conspiring with BOKF to file and amend this lawsuit. Count VII is by Redwine against all Counterclaim Defendants and alleges that all Counterclaim Defendants agreed that BOKF should intentionally and tortiously interfere with Redwine's contractual right to receive DPRF funds and that, by filing and amending this lawsuit, BOKF committed an overt act in furtherance of the conspiracy.

Even assuming the Court has supplemental jurisdiction over counterclaims VI and VII, those claims are futile. Under Missouri law, "[a] party to the contract cannot be held responsible for inducing himself to commit a breach or for conspiring to breach it." *White v. Land Clearance for Redevelopment Auth.*, 841 S.W.2d 691, 695 (Mo. Ct. App. 1992) (holding tortious interference claim could not be asserted against a party to the contract). Therefore, BOKF – who is the Trustee under the Trust Indenture (i.e. a party to the relevant contract) – cannot be held liable for tortiously interfering or conspiring to tortiously interfere with its own contract. *See id.* ("To hold otherwise would be tantamount to permitting recovery of punitive damages in a contract action, which the Supreme Court of Missouri has declared to be improper.").

Once BOKF is removed from the equation, the tortious interference "counterclaims" are asserted solely against newly added parties. "[A] counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party." *Microsoft Corp. v. Ion Technologies Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1435 (2d ed. 1990)). Because counterclaims VI and VII do not involve at least one party to the original action, they cannot be asserted against Dotson, Verzaly, Crews, or Aspen.[9] For the foregoing reasons, Counts VI and VII of the First Amended Counterclaim are hereby dismissed.

## DECISION

Based on the foregoing analysis, the motions to dismiss (Docs. 155, 157, 158) are hereby **GRANTED** to the extent that they are consistent with this opinion. The Court hereby **DISMISSES** Counts IV, V, VI, and VII of the First Amended Counterclaim. Counts IV, V, and VI are dismissed without prejudice. Count VII is dismissed with prejudice as to BOKF and dismissed without prejudice as to the other persons. Plaintiff's motion to sever (Doc. 165) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: May 15, 2015

                                                                                               */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

---

[9] Counterclaim Defendants cannot invoke Rule 18, as suggested in briefing, because Rule 18 applies to joining additional claims against an opposing party. Fed. R. Civ. P. 18. Here, Dotson, Verzaly, Crews, and Aspen are not "opposing parties" because they have not been appropriately joined to any viable counterclaim in this action.