IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BOKF, N.A.,                                      )
                                                 )
         Plaintiff / Counter Defendant,          )
                                                 )
    v.                                           )
                                                 )
BCP LAND COMPANY, LLC,                           )
JACK REDWINE, TIMOTHY JURY,                      )
PHILIP LOPEZ, JURY INDUSTRIES, LLC,              )
& ZEPOL INDUSTRIES, LLC,                         )        Case No.  6:14-cv-03025-MDH
                                                 )
         Defendants / Counterclaimants           )
                                                 )
JACK KYNION II, GRACE PROPERTIES                 )
BRANSON, LLC, SJ LEGACY, LLC,                    )
PARKWAY ENTERPRISES, LLC, JH                     )
BRANSON, LLC, BUSINESS ADVISORS, LC,             )
& APPLIANCE CENTER OF OZARKS, LLC,               )
                                                 )
         Defendants.                             )

## ORDER APPOINTING SPECIAL MASTER

On August 10, 2015, the Court held a discovery dispute teleconference pursuant to Local

Rule 37.1 to address certain discovery issues between the parties.  The same day, the Court

issued an order requiring the parties to produce certain information.  Two days later, during the

course of depositions, the parties requested an immediate teleconference concerning the scope of

the Court's August 10, 2015 order.  The Court held an immediate teleconference and orally

ordered the information at issue to be produced.  During the call, the Court suggested the

appointment of a Special Master for the purpose of completing depositions if the parties

anticipated further disputes.  Later that afternoon, the parties again called the Court and

requested the appointment of a Special Master.  The Court told the parties file a written motion

1

requesting the same. On August 19, 2015, the parties filed a joint motion for the appointment of a Special Master and suggested Charles E. Atwell to serve as Special Master (Doc. 219).

Based on the foregoing and pursuant to Rule 53(a)(1)(A) and (C) of the Federal Rules of Civil Procedure, the Court hereby appoints Charles E. Atwell to serve as a Special Master in this case for the purpose of ruling on objections to the scope of discovery that arise during the depositions of Jack Redwine, Tim Jury, and Jack Kynion.[1] Mr. Atwell served as a Circuit Judge for the Circuit Court of Jackson County, Missouri for over 16 years, has experience as a discovery master in complex cases, and acted as the parties' mediator in this case last fall.[2] The hourly rate for Mr. Atwell's services shall be $350 per hour and the cost for his services shall be shared equally by the parties.[3] If circumstances arise that require the Court to reevaluate the division of the cost for the Special Master then any such issues may be taken up by this Court at a later date.

The Court directs Mr. Atwell to proceed with all reasonable diligence. Mr. Atwell shall have the power to attend the depositions of Jack Redwine, Tim Jury, and Jack Kynion, and to rule on any objections to the scope of discovery that arise during the course of those depositions. Mr. Atwell shall rule in a manner consistent with the Federal Rules of Civil Procedure and the

---

[1] Although the BCP Land Company Defendants do not join in Plaintiff's request for an appointment of a Special Master for the deposition of Jack Kynion, the Court finds that, based on the discovery disputes to date and the relationship between the parties, the appointment of a Special Master will be beneficial and will assist with the speedy resolution of this litigation.

[2] Mr. Atwell's Affidavit , filed pursuant to Fed. R. Civ. P. 53(b)(3)(A), discloses his previous participation as a mediator in this case as a ground for disqualification out of an abundance of caution. To the extent that Mr. Atwell's previous participation as a mediator in this case constitutes a ground for disqualification, the Court finds the parties have waived that ground for disqualification pursuant to Fed. R. Civ. P. 53(b)(3)(B) by "suggest[ing] Charles E. Atwell (who conducted a mediation in this case last year) to serve as the special master" in their joint motion for appointment of a special master (Doc. 219).

[3] To avoid confusion, the Court clarifies that "the parties" refers to the parties involved in the discovery dispute and who requested the appointment of a Special Master. Thus, the Court allocates Plaintiff BOKF, N.A. 50% of the cost of Mr. Atwell's services and the BCP Land Company Defendant's (i.e. BCP Land Company, LLC, Jack Redwine, Phil Lopez, Tim Jury, Zepol Industries, LLC, and Jury Industries, LLC) the remaining 50% of the cost of Mr. Atwell's services.

2

prior orders of this Court. Mr. Atwell's rulings shall be recorded in the deposition transcripts and shall be final for the purpose of the depositions; the parties shall have no interlocutory recourse to this Court during the depositions.

The Special Master shall keep a record of all the rulings he makes during the depositions and he shall compile his rulings in a report pursuant to Rule 53(e). Within fourteen (14) days of the conclusion of the last deposition, the Special Master shall forward the above-described report to chambers for filing and serve the report upon the parties pursuant to Rule 53(e). Either party may file written objections to the report within seven (7) days thereafter. A party opposing the objection(s) shall have seven (7) days from the date of being served with the objections to file a response. The Court will then rule upon any objections in accordance with Rule 53(f).

On or before September 15, 2015, the parties shall jointly contact Mr. Atwell to arrange an agreeable time and place for the depositions of Jack Redwine, Tim Jury, and Jack Kynion.[4] Mr. Atwell may be reached at 816-472-7474 or catwell@fwpclaw.com. The Court hereby grants the parties an extension of the September 14, 2015 discovery deadline for the purpose of completing the above depositions only. The parties shall use all reasonable effort to complete the above depositions on or before September 30, 2015. Should the parties need additional time to schedule and/or conduct the depositions at hand, the parties may file a joint motion to amend the scheduling order.

**IT IS SO ORDERED.**

Date: September 8, 2015          ___*/s/ Douglas Harpool*_____
                                                   **DOUGLAS HARPOOL**
                                                   **UNITED STATES DISTRICT JUDGE**

---

[4] There does not appear to be any reason for ex parte communications with the Special Master. Fed. R. Civ. P. 53(b)(2)(B).

3