IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BOKF, N.A., AS SUCCESSOR BY MERGER TO SOUTHWEST TRUST COMPANY, N.A., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 14-3025-CV-S-MDH |
| v. | ) ) | |
| BCP LAND COMPANY, LLC, *et al.*, | ) ) | |
| Defendants. | ) | |

## REPORT OF THE MASTER

On the 8th day of September, 2015, the Court ordered the undersigned to serve as a Master regarding certain discovery issues in the above-referenced cause. In essence, the purpose of the Master was to preside over the remaining portions of the depositions of Mr. Jack Kynion, Mr. Jack Redwine, and Mr. Timothy Jury. All three of these individuals had mostly completed their deposition. The Master hereby makes report to the Court and to counsel as follows:

1. On September 21, 2015, Mr. Jack Redwine and Mr. Timothy Jury were re-deposed.

2. On September 30, 2015, Mr. Jack Kynion was re-deposed.

3. All of these depositions were rather short and in the Master's point of view were uneventful.

4. In each of these depositions, there was some general discussion regarding the scope of the Court's Order, the role of the Master, and the case.

5. The deposition of Jack Redwine, which occurred on September 21, contained the following exchange on page 302 of the deposition.

[Mr. Weems]

Q: And what generally did you change with respect to your trust?

A: Well, with respect to the trust, we established some LLCs and put some of our other assets in those LLCs. For example, we have a rental property, he coached me on how, you know and I really ought to have protection that a LLC provides for that. So he set up some LLCs, he put up some of those LLCs in the revocable-irrevocable trust. Some of those are outside of that.

Q: What LLCs did you create in 2012?

Mr. Riesmeyer: Are we asking for specific names?

Then there was an objection to those questions found on page 303, which was overruled. There were no unanswered questions in the course of Mr. Redwine's deposition.

6. As it relates to Mr. Jury's deposition, on page 333, Mr. Weems asked the following question: "At the outset, what were the ownership interests in Team Jury LP?" Mr. Riesmeyer lodged an objection to which there was an extensive record made. Eventually that objection was overruled. An objection was lodged by Mr. Riesmeyer found on page 334, the objection was resolved by the question being rephrased. Then, on pages 345 and 346, the following occurred:

[Mr. Weems]

Q: Well and what are those private equity investments that Mr. Kynion put together that are held in Team Jury?

Mr. Riesmeyer: I am going to object again.

Master Atwell: I am going to sustain the objection.

7. Again in the deposition of Mr. Jury, there were no unanswered questions.

8. Mr. Kynion's deposition was short. The Master ruled on approximately three objections and a record was made on those objections. There were no unanswered questions. At the time of the drafting of this Order, the transcript of those objections was not yet available.

9. Pursuant to the Court's Order and Rule 53, the parties are given 7 days to respond or object to the report of the Master. Any response to an objection shall be made within 7 days from the date the party is served with any objection.

Respectfully Submitted,

  10/1/2015  
Date

  /s/ Charles E. Atwell  
Charles E. Atwell
Special Master