IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

BOKF, N.A.,                             )
                                        )
        Plaintiff,                      )
                                        )
vs.                                     )   Case No. 6:14-03025-CV-S-MDH
                                        )
BCP LAND COMPANY, LLC, et al.,          )
                                        )
        Defendant,                      )

## ORDER ON COSTS

Before the Court is Defendants' Proposed Bill of Costs (Doc. 360). Defendants claim that they are the prevailing party and are entitled to costs, pursuant to Federal Rule of Civil Procedure 54(d). Plaintiffs object, arguing that Defendants did not prevail and that, even if they did, Defendant's proposed bill of costs was untimely and should be denied. (Doc. 363). Defendants respond that the issue of timeliness is within this Court's discretion and that they did prevail because the bulk of the judgment favored Defendants. (Doc. 367).

### Jurisdiction

Before the Court may act, it must have jurisdiction over the issue. On September 21, 2016, Defendants filed a Notice of Appeal seeking review of the substantive determinations made in the Court's judgment. (Doc. 371). "Generally, an appeal to the circuit court divests the district court of jurisdiction as to those issues involved in the appeal." *In re Grand Jury Subpoenas Duces Tecum*, 85 F.3d 372, 375 (8th Cir. 1996). However, "[i]t is well established that a district court retains jurisdiction over collateral matters, such as attorneys' fees and costs while an appeal is pending." *Exec. Air Taxi Corp. v. City of Bismarck, N.D.*, 2006 WL 3544386,

*1 (D. N.D. Nov. 7, 2006) (citing *Peters v. Jax*, 187 F.3d 829, 833 n.2 (8th Cir. 1999)). The matter of costs was not within the scope of the notice of appeal. Thus, this Court retains jurisdiction over the matter of costs.

## Prevailing Party

Defendants' claim they are the prevailing party, and their argument is founded on the notion that they won more individual battles than Plaintiff and received more money from the judgment than Plaintiff. (Doc. 367). Thus, they should be declared the prevailing party. (Doc. 367). It is true that if one were to tally the various issues put before the Court, Defendants would have more points to their name. Additionally, Defendants received awards of damages and retained more money in their coffers than Plaintiff. However, Plaintiff did not walk away from the trial empty-handed. It succeeded in receiving a judgment declaring that it did not have to pay certain funds, and that it would be entitled to replenishment of its funds, if necessary.

"Where each of the parties has prevailed on one or more of its claims, defense[s] or counterclaims, the district court has broad discretion in taxing costs." *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980) (citing *Cornwell Quality Tools Co. v. C.T.S. Co.*, 446 F.2d 825, 833 (9th Cir. 1971) ("The district court has broad discretion in apportioning and taxing costs where, as here, neither party completely prevailed.")).

In light of the fact that neither party completely prevailed on its claims, and each party obtained some piece of the pie they sought, the Court concludes that neither party has prevailed for purposes of awarding costs under Rule 54(d). Therefore, Defendant's Proposed Bill of Costs is denied (Doc. 360).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Proposed Bill of Costs. (Doc. 360). Each party shall bear its own costs of litigation.

**IT IS SO ORDERED:**
**Date: October 11, 2016**

                ***/s/ Douglas Harpool***
                **DOUGLAS HARPOOL**
                **UNITED STATES DISTRICT JUDGE**